```
McGREGOR W. SCOTT
United States Attorney
ELLEN V. ENDRIZZI
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone:  (916) 554-2716
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:06-cr-0338 FCD |
| | ) | |
| Plaintiff, | ) | PRELIMINARY ORDER OF |
| | ) | FORFEITURE |
| v. | ) | |
| | ) | |
| KURT RETZER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Based upon the plea agreement entered into between plaintiff United States of America and defendant Kurt Retzer, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1.  Pursuant to 21 U.S.C. § 853, defendant Kurt Retzer's interest in the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

      a)  $237,000 in U.S. Currency as a forfeiture money judgment from the equity in the Real Property located at 10175 Alberton Avenue, Chico, California, APN: 039-140-012.

The defendant stipulated that the above-listed real property currently has a net equity of $237,000 and agreed to fully assist

the government in the forfeiture of the $237,000 and to take whatever steps are necessary to pass clear title to the United States.  The defendant shall not sell, transfer, encumber, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed asset.

2.  The defendant shall pay the $237,000 forfeiture money judgment within two years from the date of sentencing.  Any extensions of the payment deadline must be agreed to by the government.  Payment should be made in the form of a cashier's check made payable to the "U.S. Marshals Service" and sent to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 501 I Street, Ste. 10-100, Sacramento, CA 95814.  Prior to the imposition of sentence, any funds delivered to the United States to satisfy the personal money judgment shall be seized and held by the United States Marshals Service, in its secure custody and control.

3.  The defendant further stipulated and agreed that if payment of the $237,000 forfeiture money judgment, or the amount of the forfeiture money judgment ordered by the Court, is not received by the United States in full within two years from the date of sentencing, the United States Marshal Service shall be authorized to sell the real property located at 10175 Alberton Avenue, Chico, California, APN: 039-140-012, in the most commercially feasible manner, as soon as reasonably possible, for the maximum price.  The United States shall receive through escrow the net proceeds up to $237,000 or the amount of the money judgment ordered by the Court, less payments for costs of the selling the property, legitimate liens and taxes that existed on

1  the above-listed real property as of January 1, 2008.  Defendant
2  shall receive all remaining amounts after payment of costs of
3  sale, legitimate liens, taxes, and repairs or costs incurred by
4  the United States Marshall Service.  Defendant shall maintain the
5  real property in the same condition and repair as existed as of
6  January 1, 2008, normal wear and tear excepted, until he has paid
7  the forfeiture money judgment, or vacated the premises.
8       4.   The above-listed property was used, or intended to be
9  used, in any manner or part, to commit, or to facilitate the
10 commission of a violation of 21 U.S.C. § 841(a)(1).
11      5.   Pursuant to Rule 32.2(b), the Attorney General (or a
12 designee) shall be authorized to seize the above-listed property.
13 The aforementioned property shall be seized and held by the
14 United States in its secure custody and control.
15      6.   a.   Pursuant to 21 U.S.C. § 853(n) and Local Rule
16 83-171, in a manner consistent with the provisions of Rule
17 G(4)(a) of the Supplemental Rules for Admiralty or Maritime
18 Claims and Asset Forfeiture Actions, the United States shall
19 publish notice of the order of forfeiture.  Notice of this Order
20 and notice of the Attorney General's (or a designee's) intent to
21 dispose of the property in such manner as the Attorney General
22 may direct shall be posted for at least 30 consecutive days on
23 the official internet government forfeiture site
24 www.forfeiture.gov.  Any person, other than the defendant,
25 asserting a legal interest in the above-listed property, must
26 file a petition with the Court within sixty (60) days from the
27 first day of publication of the Notice of Forfeiture posted on
28 the official government forfeiture site, or within thirty (30)

1 days of the final publication of the notice or receipt of direct
2 written notice, whichever is earlier.
3      b.   This notice shall state that the petition shall be
4 for a hearing to adjudicate the validity of the petitioner's
5 alleged interest in the property, shall be signed by the
6 petitioner under penalty of perjury, and shall set forth the
7 nature and extent of the petitioner's right, title or interest in
8 the property, the time and circumstances of the petitioner's
9 acquisition of the right, title or interest in the property, and
10 any additional facts supporting the petitioner's claim, and the
11 relief sought.
12      c.   The United States may also, to the extent
13 practicable, provide direct written notice to any person known to
14 have alleged an interest in the property that is the subject of
15 the Order of Forfeiture, as a substitute for published notice as
16 to those persons so notified.
17    7.   If a petition is timely filed, upon adjudication of all
18 third-party interests, if any, this Court will enter a Final
19 Order of Forfeiture pursuant to 21 U.S.C. § 853 in which all
20 interests will be addressed.
21    SO ORDERED this 9th day of September, 2008.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE