BENJAMIN B. WAGNER
United States Attorney
ELLEN V. ENDRIZZI
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2716

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:06-cr-338 FCD |
| | ) | |
| Plaintiff, | ) | STIPULATION FOR FINAL ORDER |
| | ) | OF FORFEITURE AND ORDER |
| v. | ) | THEREON |
| | ) | |
| KURT RETZER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| NORTHERN CALIFORNIA FEDERAL LAND BANK ASSOCIATION, FLCA, | ) ) | |
| | ) | |
| Petitioner. | ) | |
| _____ | ) | |

   IT IS HEREBY STIPULATED by and between plaintiff United States of America and petitioner Northern California Federal Land Bank Association, FLCA (hereafter "Land Bank"), to compromise and settle their interest in the following property (hereafter, the "Property"), and to consent to the entry of a Final Order of Forfeiture as to the following asset pursuant to Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853:

///

Stipulation for Final Order of Forfeiture  1

1           $237,000 in U.S. Currency as a forfeiture
            money judgment from the equity in the Real
2           Property located at 10175 Alberton Avenue,
            Chico, California, APN: 039-140-012, and more
3           fully described in Exhibit A.

4      This Stipulation for Final Order of Forfeiture is entered
5 into between the parties pursuant to the following terms:
6      1.   On July 14, 2008, Kurt Retzer entered into a plea
7 agreement in which he pled guilty to Count One of the Indictment,
8 which charged Manufacture of Marijuana (at least 100 plants) in
9 violation of 21 U.S.C. § 841(a)(1).  The Indictment also
10 contained a Forfeiture Allegation, which included real property
11 located at 10175 Alberton Avenue in Chico, California, APN: 039-
12 140-012.  As part of his plea, Kurt Retzer agreed that the real
13 property located at 10175 Alberton Avenue, Chico, California,
14 APN: 039-140-012, is subject to forfeiture pursuant to 21 U.S.C.
15 § 853 as this property was used to facilitate the illegal
16 manufacture of marijuana.  Kurt Retzer agreed to forfeit
17 voluntarily and immediately the equity available in that
18 property, $237,000, as a forfeiture money judgment under Fed. R.
19 Crim. P. 32.2(b).  The Court entered a Preliminary Order of
20 Forfeiture on September 9, 2008.
21      2.   Pursuant to 21 U.S.C. § 853(n)(1), the United States
22 gave direct notice to Charlotte Retzer and Land Bank, and
23 published notice of the order of forfeiture on the official
24 internet government forfeiture site www.forfeiture.gov for 30
25 consecutive days, beginning on September 26, 2008.  Land Bank
26 filed a Petition for Ancillary Hearing on April 15, 2009,
27 claiming a lien holder interest in the Property.  No other
28

Stipulation for Final Order of Forfeiture   2

persons or entities have come forward and the time for maintaining a claim has expired.

3. The parties hereby stipulate that Land Bank is a lien holder on the Property. Land Bank has a legal right, title, or interest in the Property, and that such right, title, or interest requires the Court to amend the Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2) to account for the Petitioner's interest because such interest was vested in it rather than the Defendant at the time of the commission of the acts which give rise to the forfeiture of the Property. *See* 21 U.S.C. § 853(n).

4. Pursuant to the plea agreement and the Preliminary Order of Forfeiture, Kurt Retzer shall pay the $237,000 forfeiture money judgment within two years from the date of sentencing on October 27, 2008. Any extensions of the payment deadline must be agreed to by the government. Payment should be made in the form of a cashier's check made payable to the "U.S. Marshals Service" and sent to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 501 I Street, Ste. 10-100, Sacramento, CA 95814.

5. Kurt Retzer further stipulated and agreed that if payment of the $237,000 forfeiture money judgment, or the amount of the forfeiture money judgment ordered by the Court, is not received by the United States in full within two years from the date of sentencing, the United States Marshals Service shall be authorized to sell the real property located at 10175 Alberton Avenue, Chico, California, APN: 039-140-012, in the most commercially feasible manner, as soon as reasonably possible, for

Stipulation for Final Order of Forfeiture   3

the maximum price.

6. If defendant Retzer is not able to pay the United States the $237,000 forfeiture money judgment within two years from the date of sentencing on October 27, 2008, the parties stipulate to the following:

    a. The U.S. Marshals Service shall list the Property for sale. The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the Property.

    b. The U.S. Marshals Service shall have the Property appraised by a licensed appraiser of its choosing. The U.S. Marshals Service and the appraiser may have access to the Property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

    c. If necessary, the U.S. Marshals Service, and any real estate broker employed by the U.S. Marshals Service, shall have the right to put a "lock box" on the Property to facilitate the marketing and sale of the Property.

    d. Upon entry of the Final Order of Forfeiture and sale of the Property, the following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

        (1) The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

Stipulation for Final Order of Forfeiture   4

    (2)    Any unpaid real property taxes, which shall be prorated as of the date of the entry of the Final Order of Forfeiture.

    (3)    A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee.

    (4)    The seller shall pay any county transfer taxes.

    (5)    All unpaid principal due to petitioner Land Bank under the Deed of Trust recorded in the Official Records of the County of Butte, California, as Document No. 2003-0059416, dated August 8, 2003, recorded on August 29, 2003.  Said Deed of Trust secured a Promissory Note in the original amount of $219,590.00 dated August 8, 2003.  As of April 13, 2009, the unmatured principal due and owing on the Note to the Land Bank was $201,160.59.  Accrued interest due on the Note through April 13, 2009, was $574.60.  Interest will continue to accrue at a rate of $44.20 per day.

    (6)    All fees, costs, and advances, including but not limited to reasonable attorney fees, prepayment fees, taxes and hazard insurance as provided under the terms of the Note and Deed of Trust.

          (7)    The exact amount to be paid to Land Bank shall be determined at the time of payment.

          (8)    To the United States of America: the net proceeds up to $237,000.00. All right, title, and interest in said funds shall be substituted for the Property and forfeited to the United States pursuant to 21 U.S.C. § 853, to be disposed of according to law.

          (9)    To defendant Kurt Retzer: all remaining amounts after payments pursuant to ¶ 6.d(1) thru (8).

    e.    Any liens or encumbrances against the Property that appear on record subsequent to the recording of plaintiff's *lis pendens* on September 27, 2006, and prior to the close of escrow may be paid out of escrow.

    f.    The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

    g.    All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the Property.

    h.    Each party to this stipulation shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

    7.    Payment to petitioner Land Bank of the full amount owed under the August 8, 2003, promissory note executed by Kurt A. Retzer and Charlotte R. Retzer, and the above described August 8, 2003 Deed of Trust, shall be in full settlement and satisfaction

Stipulation for Final Order of Forfeiture   6

of all claims and petitions by Land Bank to the Property indicted by the Grand Jury for the Eastern District of California on or about August 17, 2006, and of all claims arising from and relating to the seizure, forfeiture or sale of the Property.  The payment to Land Bank shall not include any penalty payments, including any prepayment penalties.

    8.   Defendant Retzer shall maintain the Property in the same condition and repair as existed as of September 27, 2006, normal wear and tear excepted, until he has paid the forfeiture money judgment, or vacated the premises.  Until defendant Kurt Retzer vacates the Property, he shall maintain the Property in good condition and repair, and provide the U.S. Marshals Service or its agents with reasonable access to the Property to facilitate its appraisal, marketing and sale.  Kurt Retzer further shall remove all personal possessions, and the personal possessions of any former occupant, including all vehicles, furniture, and trash.  Any and all of Kurt Retzer's personal possessions, and the personal possessions of any former occupant, not removed will be disposed of by the United States without further notice.  Any cost incurred by the United States for disposal of personal possessions shall be deducted from the payment to defendant Kurt Retzer as set forth in ¶ 6.d(9) above.

    9.   Upon payment in full as set forth in ¶ 6 d.(5)-(8), above, Land Bank agrees to reconvey its interest in the Property via recordable documents and cause those to be recorded, within 30 days of payment in full, and to release and hold harmless the United States, and any agents, servants, and employees of the

United States, (or any state or local law enforcement agencies and their agents, servants, or employees), acting in their individual or official capacities, from any and all claims by Land Bank and its agents which currently exist or which may arise as a result of the Government's actions against and relating to the Property.  As against the United States and its agents, petitioner Land Bank agrees to waive the provisions of California Civil Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."  The release given under this paragraph shall apply only to conduct that has or may have occurred up to and including the date on which Land Bank receives payment under the terms of this agreement.  The waiver by Land Bank of Civil Code § 1542 pertains only to the release given by Land Bank under this agreement as to the subject Property.  Land Bank expressly reserves all rights, and does not release any party, for any cross-complaint it might have in the event Land Bank is sued by a third party for the actions of the United states or one of its agents, servants, employees or representatives.

     10.   Nothing in this agreement shall affect Land Bank's rights to judicially or non-judicially foreclose its August 8, 2003, Deed of Trust according to the terms of such Deed of Trust and any applicable provisions of California law.  In any foreclosure proceedings, Land Bank will not seek any monetary relief against the United States.

11. Petitioner understands and agrees that by entering into this stipulation, they waive any right to litigate further their ownership interest in the Property and to petition for remission or mitigation of the forfeiture.  Thereafter, if this Stipulation for Final Order of Forfeiture is approved by the Court, then unless specifically directed by an order of the Court, Land Bank shall be excused and relieved from further participation in this action.

12. Petitioner understands and agrees that the United States reserves the right to void the stipulation if, before payment of the Promissory Note or lien, the U.S. Attorney obtains new information indicating that the petitioner is not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes.  The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the Property.  In either event, the United States shall promptly notify the Petitioner of such action.  A discretionary termination of forfeiture shall not be a basis for any award of fees against the United States.  In the event the United States voids this stipulation, the Court will adjudicate the Petition of Northern California Federal Land Bank Association, FLCA for Ancillary Hearing on the merits, including Land Bank's request for relief from the preliminary order of forfeiture, the request that the court amend its preliminary order of forfeiture dated September 9, 2008 to recognize fully the interest of Land Bank.  Additionally, Land Bank reserves the right to petition the Court for a modification of this order in

the event it determines that the value of the subject Property is at an amount which may not be sufficient to satisfy its lien.

13. Each party agrees to bear its own costs and attorneys' fees, except as otherwise set forth herein.

14. Payment by United States of obligations secured by Land Bank's August 8, 2003, Deed of Trust is contingent upon a forfeiture of the Property to the United States, the United States' prevailing against any additional third parties alleging claims in an ancillary proceeding, and the Court's entry of a Final Order of Forfeiture.  Further, the terms of this Stipulation shall be subject to approval by the United States District Court.

15. The court shall maintain jurisdiction over this matter to, *inter alia*, enforce the terms of this stipulation.

Dated: 16 Feb 10          BENJAMIN B. WAGNER
                          United States Attorney


                          /s/ Ellen V. Endrizzi
                          ELLEN V. ENDRIZZI
                          Assistant U.S. Attorney



Dated: February 3, 2010   /s/ Raymond L. Sandelman
                          RAYMOND L. SANDELMAN
                          Attorney for Petitioner
                          Northern California Federal Land
                          Bank Association, FLCA
                          (Original signature retained by
                          attorney)

///

///

Stipulation for Final Order of Forfeiture  10

**ORDER**

The Court having received, read, and considered the foregoing Stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters a Final Order of Forfeiture on the terms set forth in the parties' Stipulated Settlement.

IT IS SO ORDERED.

Dated: February 18, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**PROPERTY DESCRIPTION**
(10175 Alberton Avenue, Chico, California)

PARCEL I:

A PORTION OF LOT 12, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "REVISED MAP OF THE ALBERTON TRACT", WHICH MAP WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON NOVEMBER 29, 1895, IN BOOK 1 OF MAPS, AT PAGE(S) 31, AND MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT A GRANITE MONUMENT AT THE SOUTHEAST CORNER OF SAID LOT 12, RUN ALONG THE SOUTH LINE OF SAID LOT 12, NORTH 86° 30' WEST, 455.4 FEET; THENCE SOUTH 88° 00' WEST, 455.4 FEET; THENCE SOUTH 71° 30' WEST, 290.0 FEET; THENCE SOUTH 89° 00' WEST, 122.06 FEET TO THE POINT OF BEGINNING FOR THIS DESCRIPTION, SAID POINT BEING AT THE SOUTHWEST CORNER OF THAT CERTAIN PARCEL OF LAND CONVEYED TO JOHN D. HORN, ET UX, DATED NOVEMBER 25, 1955, AND RECORDED NOVEMBER 30, 1955, IN BOOK 802, PAGE 225, OFFICIAL RECORDS; THENCE CONTINUING ALONG THE SOUTH LINE OF SAID LOT 12, SOUTH 89° 00' WEST, 209.94 FEET; THENCE SOUTH 66° 28' WEST, 242.76 FEET; THENCE SOUTH 36° 15' WEST, 210.50 FEET; THENCE SOUTH 76° 15' WEST, 132.0 FEET; THENCE NORTH 73° 45' WEST, 202.0 FEET TO THE WEST LINE OF SAID LOT 12; THENCE NORTH 349.8 FEET ALONG SAID WEST LINE TO THE NORTHWEST CORNER THEREOF IN THE CENTER OF LITTLE CHICO CREEK; THENCE ALONG THE LAST MENTIONED LINE, NORTH 46° 32' EAST, 597.95 FEET; THENCE NORTH 34° 30' EAST, 275.0 FEET; THENCE NORTH 53° 30' EAST, 445.0 FEET TO THE NORTHWEST CORNER OF SAID JOHN D. HORN, ET UX, PARCEL; THENCE LEAVING THE NORTH LINE OF SAID LOT 12, SOUTH 3° 53' WEST ALONG THE WEST LINE OF SAID JOHN D. HORN, ET UX, PARCEL, 1009.35 FEET TO THE POINT OF BEGINNING.

APN 039-140-012-000

PARCEL II:

AN EASEMENT IN LOT 12, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "REVISED MAP OF THE ALBERTON TRACT", WHICH MAP WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON NOVEMBER 29, 1895, IN BOOK 1 OF MAPS, AT PAGE(S) 31, SAID EASEMENT BEING FOR THE RIGHT OF INGRESS AND EGRESS AND FOR PUBLIC UTILITIES BOTH OVERHEAD AND UNDERGROUND AND BEING 25 FEET WIDE AND ADJACENT TO AND ALONG THE NORTHERLY SIDE OF THE FOLLOWING DESCRIBED LINE:

BEGINNING AT AN IRON PIPE 20 FEET AT RIGHT ANGLES SOUTHERLY FROM THE SOUTH TOE OF THE SOUTH LEVEE OF LITTLE CHICO CREEK FROM WHICH PIPE A GRANITE MONUMENT AT THE SOUTHEAST CORNER OF SAID LOT 12 BEARS SOUTH 56° 35' EAST, 1492.0 FEET; THENCE PARALLEL TO AND SOUTHERLY 20 FEET AT RIGHT ANGLES FROM THE SOUTH TOE OF THE SOUTH

LEVEE OF LITTLE CHICO CREEK, NORTH 58° 13' EAST, 53.0 FEET; THENCE NORTH 51° 23' EAST, 78.0 FEET; THENCE NORTH 61° 23' EAST, 143.0 FEET TO THE SOUTHERLY PRODUCTION OF THE EAST SIDE OF THE BRIDGE ACROSS LITTLE CHICO CREEK, AT THE SOUTH END OF THE ALBERTON TRACT ROAD.